# EXHIBIT D – DENIAL OF PETITIONER'S STATE POST-CONVICTION MOTION

**SUPERIOR COURT**
**OF THE**
**STATE OF DELAWARE**

WILLIAM C. CARPENTER, JR.
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0670

April 13, 2018

Elizabeth McFarlan, Esquire
Department of Justice
820 N. French Street
Wilmington, DE 19801

Nicole Walker, Esquire
Office of Defense Services
820 N. French Street
Wilmington, DE 19801

      RE:   State v. Michael Parker
            ID No. 1009021639

Dear Counsel:

     The defendant has filed numerous Rule 61 petitions relating to the investigation of the Office of the Chief Medical Examiner which are similar to those previously addressed by this Court and the Delaware Supreme Court. What distinguishes this case from other cases that have been decided is that the defendant actually went to trial and was convicted of the offense of Delivery of Cocaine. What is also unique is that the evidence submitted during the trial has been maintained by the Prothonotary's Office and thus was available for retesting. On October 30, 2017 the Court directed the State to have the drug evidence from the defendant's trial retested by an independent laboratory. On December 22, 2017 the results of the test were provided to the Court and confirmed that the substance was in fact cocaine.

In spite of this finding, the Office of Defense Services still maintains that there was a *Brady* violation, as there are discrepancies in the weight of the drugs as indicated during the arrest seizure by the police, the weight determined by the Medical Examiner's Office and now the weight from the recent test reflect different amounts. It is argued that the discrepancy could be related to the conduct uncovered at the Medical Examiner's Office and the failure to disclose it could have affected the ability of defense counsel to effectively impeach the witnesses at trial.

There are several flaws in the defendant's argument. First, and perhaps most important, the weight of the substance was not an element of the indicted charge and thus the weight of the cocaine was not significant evidence at trial. The defendant was charged with the delivery of cocaine, charges that were brought before the most recent changes to the drug laws and only required a showing of a drug transaction between the defendant and another individual. The evidence on that point was overwhelming as officers actually observed the transaction and when the purchaser's car was stopped, the drugs were found and she confirmed that she had purchased those drugs from the defendant only moments before. Whether the drugs weighed .4 grams as determined by the police, .05 grams as determined by the Medical Examiner's lab or .01 grams from the recent testing was completely irrelevant to establishing the commission of this offense.

Secondly, the weight of the substance was not critical to the defense in this case. The attorney from the Office of Defense Services who represented the defendant at trial stipulated to the lab report since the defendant's position was that he was not the individual who had sold the drugs and thus what the substance was or its weight was simply irrelevant. To now argue this alleged discrepancy in weight, for which there is clearly a logical explanation, would in some way be critical in attacking the credibility of the witnesses who testified against the defendant is simply not supported.

Finally, the experienced defense trial attorney here certainly would have known that there was a discrepancy in weight between what the police had recorded and that revealed by the Medical Examiner's lab report. If she had thought that discrepancy would be helpful to the defendant, the Court has no doubt that she would have used it in attacking the credibility of the purchaser as well as any other witness. So to the extent there was *Brady* information, it would have been disclosed and the latest testing confirms that the substance utilized during this transaction was in fact cocaine, the only finding relevant to this charge.

The Court has taken the unusual step of requiring the retesting of the drugs which were seized in this matter.  It is satisfied that the arguments set forth in defense counsel's letter of January 3, 2018 are without merit and thus the defendant's Rule 61 motions are all hereby dismissed.[1]

Sincerely yours,

Judge William C. Carpenter, Jr.

WCCjr:twp

cc:     Prothonotary

---

[1] Based upon the above, the Court did not believe it needed to address the procedural bars which perhaps prevented the defendant from pursuing these claims.